36 C.C.P.A. (Patents)

## Application of NICHOLS.
### Patent Appeals No. 5505.

United States Court of Customs and Patent Appeals.

Dec. 7, 1948.

J. Harold Kilcoyne, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JACKSON, Judge.

On February 21, 1944, appellant filed his application, serial No. 523,301, for a patent for an "Automatic Hydraulic Synchronizer." The tribunals of the Patent Office allowed nine article claims and rejected all of the method claims, 22 to 27, inclusive. From the decision of the board affirming the examiner in rejecting those claims, this appeal has been taken.

The application relates to a method of, and an apparatus for, automatically synchronizing two or more rotary machines, which are not of themselves capable of operating in synchronism. The term "synchronism" as used here means the coordinating of motion timing in at least two independent machines so that they may operate at the same speed through the governing of a master speed means.

As illustrative of the invention, appellant discloses an apparatus by means of which the synchronizing of the engines of a multi-engine aircraft is obtained. The synchronization, it is stated, results from so controlling the pitch of the propellers that despite variations in the loads on the respective engines, an adjustable constant rate of engine speed is obtained. The method of appellant, as may be observed in the illustrative claims, including the production of a series of timed hydraulic impulses indicative of the master speed, and the utilization of the impulses in the application of hydraulic speed controls to an engine or engines, which may be out of synchronism with the master speed means.

It is stated in the brief of appellant that the Primary Examiner acknowledged that the invention is broader than the example hereinbefore set out, for the reason that he referred to the synchronizable engines as "prime movers."

Claims 22 and 26 are illustrative of the rejected claims and read as follows:

"22. The herein described method of synchronizing the speed of a plurality of engines with respect to a master speed which includes producing a series of timed hydraulic impulses indicative of said master speed, and utilizing said impulses to apply corrective hydraulic speed control measures to an engine which may be out of synchronism with the master speed.

"26. In a synchronous mechanical system comprising a master speed setter and a plurality of engines equipped with speed regulating means, the herein described method in the art of synchronizing the speeds of any of the engines with that of the master speed setter which consists in generating periodic hydraulic impulses indicative of the speed of the master speed setter, transmitting said impulses, utilizing said impulses to compare the speed of each of the engines with that of the master speed setter, and regulating the speed of any engine out of synchronism with the master speed setter to establish and maintain synchronism with said master speed setter."

The Primary Examiner relying on the case of In re Ernst et al., 71 F.2d 169, 21 C.C.P.A., Patents 1235, rejected the involved claims solely on the ground that they are improper method claims because they merely set out a function of the disclosed apparatus, the claims for which have been allowed. In its decision, the Board of Appeals affirmed the action of the Primary Examiner rejecting the involved claims and denied two petitions for reconsideration in further decisions.

The only issue here is whether or not the rejected claims define a method distinct from the mere functioning of the disclosed apparatus.

Counsel for appellant in his brief argues that the issue has been confused by the tribunals of the Patent Office, for the alleged reason that the board created an unprecedented issue, which issue, as stated in his brief, is whether or not an applicant for a patent seeking method claims on a disclosed apparatus must be required to describe in his application other apparatus by which the claimed method may be operated, or must include in the application as filed a statement, presumably with acceptable technical support, that the claimed method can be carried out manually.

We do not think that the decision of the board may be fairly interpreted as appellant contends. It is true that in the first decision of the board it is stat-

ed that, "we find no description of any other apparatus in which the method may be performed." But we do not think that by such statement the board intended to hold that an applicant must describe in his application other apparatus by which his claimed method may be performed to be entitled to the allowance of method claims, or must include the filing of a statement as contended for by appellant. The board merely passed upon the facts before it and clearly did not intend to announce a general rule as to what kind of a disclosure may be necessary to support claims such as are here involved. Of course, if it is obvious from the disclosure that a method may be performed by means other than those disclosed in an application for a patent, there can be no necessity for a showing in that respect. If, however, such other means are not obvious, we think what was said in the case of American Lava Co. et al. v. Steward et al., 6 Cir., 1907, 155 F. 731, 738, is applicable. In that case it was stated as follows:

"No doubt it is competent, when the circumstances permit it, for an inventor in describing a machine or apparatus which he has devised, to make a claim for a process which his patented device is capable of carrying out. But to entitle him to do this the process must be one capable of being carried out by other means than by the operation of his patented machine, and, unless such other means are known or within the reach of ordinary skill and judgment, the patentee is bound to point them out; for, unless the public are informed by what other means the process can be carried on, the process is to them nothing else than the operation of the machine—in other words, the exercise of its functions."

See also Chisholm-Ryder Co., Inv. v. Buck, 4 Cir., 1933, 65 F.2d 735, 736. It follows that, where the record indicates a single means of carrying out the process and other independent means are not obvious, a process claim which merely states the function or effect of a machine must be held to be unpatentable under the long established rule of this and other courts.

Appellant contends in his brief that his concept of synchronizing must have preceded the concept for his apparatus. We are unable to see what difference the sequence of concepts has to do with the issue here, which is merely whether or not the rejected claims are allowable upon the disclosure of the application as actually presented.

■ Counsel for appellant vigorously contends in both his brief and in oral argument that the rejected claims are distinct from the allowed claims of the disclosed apparatus, for the reason that the claimed method may be carried out by other apparatus or by hand. If such contention were true, appellant would be entitled to the allowance of the involved claims. But if it appears to us, as it did to the tribunals of the Patent Office, that the involved claims merely set forth the function of the disclosed apparatus, then the decision of the board must be affirmed.

■ With respect to the practice of appellant's method by hand, it is stated in his brief that his system is "manually operable, at least in part." While probably there is a disclosure that the apparatus can be *controlled* by manual operation, such *control* and the *carrying out* of the operation of the method are entirely distinct. The production or generation of a series of timed or periodic impulses, as set out in the claims, indicates that at least some apparatus is required *to produce* the hydraulic impulses, and while such impulses may be *controlled* by hand operation, it does not follow that the hydraulic impulses are *produced* by hand performance. Therefore, we are of the opinion that, as we stated in the case of In re Wadman, 94 F.2d 993, 25 C.C.P.A., Patents, 936, it is not good sense in the present case to consider the operation of the method by hand. In the case of In re Parker, 79 F.2d 908, 23 C.C.P.A., Patents, 721, relied upon by appellant, it appeared that hand operation was possible. Therefore, we find nothing in that case applicable to the present issue.

■ Counsel for appellant urges that appellant has conclusively established that the method defined by the rejected claims can be carried out by means other than those specifically disclosed. In support of that contention, appellant states, "that the rotary pulsing valve 40 could be sub-

stituted by a can driven poppet valve," and that such change had been brought to the attention of the tribunals below. However, such substitution in our opinion does not change the essential character of the disclosed apparatus. The following statement appearing in the case of Black-Clawson Co. v. Centrifugal Engineering & Patents Corporation, 6 Cir., 1936, 83 F.2d 116, 120, seems apposite here:

"And a process which cannot be described otherwise than by describing the characteristic function of a machine is not validated by showing it may be carried on *by another machine which has the same characteristic function in respect to the precise result to be attained.*" (Italics ours.)

■ We are of the opinion that appellant has not made a clear showing that his method defined in the rejected claims can be carried out by any other means except by the apparatus of his disclosure.

For the reasons stated herein, the decision of the Board of Appeals is affirmed.

Affirmed.

36 C.C.P.A. (Patents)

